O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANNETTE BRITTON CORDERO, | ) | Case No. CV 11-08921 DDP (MRWx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER GRANTING DEFENDANT'S MOTION** |
| v. | ) | **TO DISMISS** |
| | ) | |
| BANK OF AMERICA N.A., As | ) | |
| Successor By Merger to BAC | ) | |
| HOME LOANS SERVICING, LP, | ) | |
| f/k/a COUNTRYWIDE HOME LOANS | ) | |
| SERVICING, LP, | | [Dkt. No. 9] |
| | | |
| Defendants. | | |
| _____ | | |

Presently before the court is Defendant Bank of America's Motion to Dismiss.  Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

On March 15, 2006, Angela Britton Del Rio (Ms. Del Rio) and her late husband executed a $650,000 promissory note in favor of Instant Capital Funding Group, Inc. for the purchase of property at 17031 Paulette Place, Granada Hills, California.  (First Amended Complaint ¶1.)  The loan was secured by a Deed of Trust

listing Mortgage Electronic Registration Systems, Inc. ("MERS")
as beneficiary. (Id., Ex. F.) Plaintiff, as Attorney in Fact for
Ms. Del Rio, alleges that the loan was later transferred and
securitized.[1] (FAC ¶¶ 17, 21.) On September 22, 2010, MERS
executed an Assignment ("the Assignment") of all beneficial
interest in the Deed to Defendant's predecessor in interest. (FAC
¶ 40.) The Assignment was recorded by MERS Assistant Secretary
Flor Valerio on October 6. (Id.)

On September 24, 2010, Defendant's agent recorded a Notice of
default against Plaintiff's property. (FAC ¶ 41.) Defendant's
agent recorded a Notice of Trustee's Sale on July 29, 2011.
Plaintiff's First Amended Complaint alleges that the September 22
Assignment of her note and Deed to Defendant was void, and that
the Notice of Default and Notice of Trustee's Sale are therefore
deficient. (FAC ¶ 30.)

The FAC alleges ten causes of action for declaratory relief,
quasi contract, violations of the Fair Debt Collection Practices
Act ("FDCPA"), Truth in Lending Act ("TILA"), and Real Estate
Settlement Procedures Act ("RESPA"), an accounting, breach of
contract, breach of the implied covenant of good faith and fair
dealing, unfair business practices, and violation of California
Civil Code Sections 2923.5 and 2924. Defendant now moves to
dismiss the FAC in its entirety.

**II.  Legal Standard**

---

[1] Hereinafter, the court refers to Plaintiff and Ms. Del Rio
interchangeably, with the exception of Section III(D), infra.

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

///

**III. Discussion**

    A.  Quasi-Contract

    Plaintiff's cause of action for quasi-contract is premised upon the allegation that Defendant was not entitled to receive Plaintiff's loan payments because the Assignment was invalid. (FAC ¶¶ 66-69.)  Defendant argues that even if Plaintiff is correct that Bank of America lacks a beneficial interest in her Deed, Defendant was entitled to collect payments as the servicer of Plaintiff's loan.  (Mot. at 7; Reply at 12-13.)  Plaintiff's opposition focuses solely on Defendant's lack of beneficial interest, without addressing the loan servicer argument. Furthermore, the FAC itself alleges that Defendant is Plaintiff's loan servicer, a fact upon which certain of other causes of action (i.e. RESPA violation) depend.  (FAC ¶¶ 110-117.)  Plaintiff's claim for quasi contract is dismissed.

    B.  FDCPA

    The FDCPA seeks to curtail abusive collection practices by debt collectors.  15 U.S.C. § 1692.  The term "debt collector," and thus the FDCPA, does not apply, however, to mortgage holders, mortgage loan servicers, or foreclosure activities.  <u>Usher v. Greenpoint Mortgage Funding, Inc.</u>, No. CIV S-10-0952 LKK DAD, 2010 WL 4983468 at *7 (E.D. Cal. Dec. 2, 2010); <u>Lobato v. Acqura Loan Servs.</u>, No. 11cv2601 WDH, 2012 WL 607624 at *5 (S.D. Cal. Feb. 23, 2012).  As discussed above, even if Bank of America is not the beneficiary of the Deed, it is Plaintiff's loan servicer. Plaintiff's FDCPA claim is, therefore, dismissed.

///

///

4

1      C.   TILA

2          Congress enacted TILA "to assure a meaningful disclosure of

3      credit terms so that the consumer will be able to compare more

4      readily the various credit terms available to him and avoid the

5      uninformed use of credit, and to protect the consumer against

6      inaccurate and unfair credit billing and credit card practices."

7      15 U.S.C. § 1601(a).  Accordingly, TILA "requires creditors to

8      provide borrowers with clear and accurate disclosures of terms

9      dealing with things like finance charges, annual percentage rates

10     of interest, and the borrower's rights." <u>Beach v. Ocwen Fed.</u>

11     <u>Bank</u>, 523 U.S. 410, 412 (1998).

12         TILA provides that an "action [for damages] . . . may be

13     brought in any United States district court, or in any other court

14     of competent jurisdiction, within one year from the date of the

15     occurrence of the violation."  15 U.S.C. § 1640(e).  The Ninth

16     Circuit has held that the one-year window for filing a TILA

17     damages claim generally "runs from the date of consummation of the

18     transaction." <u>King v. California</u>, 784 F.2d 910, 915 (9th Cir.

19     1986).

20         Here, Plaintiff alleges that, although she disputes the

21     validity of the Assignment to Bank of America, Defendant was

22     nonetheless required to follow TILA's disclosure provisions.  (FAC

23     ¶ 92.)  The Assignment was executed on September 22, 2010 and

24     recorded on October 6, 2010.  Plaintiff did not file her initial

25     complaint until October 27, 2011, over one year later.

26         In some cases, the doctrine of equitable tolling suspends the

27     applicable limitations period "until the borrower discovers or had

28     reasonable opportunity to discover the fraud or nondisclosures

that form the basis of the TILA action." <u>King</u>, 784 F.2d at 915.

Courts must consider the applicability of equitable tolling

whenever a complaint, liberally construed, alleges facts showing

the "potential applicability of the equitable tolling doctrine."

<u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1277 (9th Cir. 1993).

Where a borrower does not allege that she was somehow

prevented from comparing her loan documents with TILA's disclosure

requirements within the limitation period, equitable tolling is

not available.  <u>See</u> <u>Hubbard v. Fidelity Fed. Bank</u>, 91 F.3d 75, 79

(9th Cir. 1996);  <u>Feliciano v. Wash. Mut. Bank, F.A.</u>, No. 09-CV-

01304, 2009 WL 2390842, at *4 (E.D. Cal. August 3, 2009).  Here,

Plaintiff has not alleged any facts that would warrant equitable

tolling of her claim.  Though Plaintiff argues that Defendant

fraudulently concealed that fact that it was assigned a beneficial

interest in the Deed, the FAC itself acknowledges that the

Assignment was recorded on October 6.[2]  Because equitable tolling

is not warranted, Plaintiff's TILA claim is time-barred, and is

therefore dismissed.

D.   RESPA

Plaintiff alleges that Defendant did not respond to her

"Qualified Written Request" ("QWR") for information about her loan

within the time limits set forth by RESPA, 12 U.S.C. § 2605.  (FAC

¶ 114.)  On September 14, 2011, Plaintiff's counsel sent a

purported QWR ("the Letter") to Defendant.  (FAC ¶ 109-110; Ex.

M.)  The Letter explained that counsel had been retained by

_____

[2] The FAC does not allege a cause of action for fraud.

6

1  Augusto Britton Del Rio, Plaintiff's father. (FAC Ex. M.) All

2  requests were made on behalf of Mr. Del Rio alone. (<u>Id.</u>)

3      Mr. Del Rio died in 2007, over four years before counsel sent

4  the Letter on his behalf. (FAC ¶ 15.) The QWR made no mention of

5  either Ms. Del Rio or Plaintiff. On September 30, 2011, Defendant

6  responded to the Letter, stating that they could not release the

7  requested information without the approval of the executor of Mr.

8  Del Rio's estate. (FAC Ex. N.) On October 14, Defendant sent

9  another letter to counsel, indicating that Defendant had received

10  an "application for executor" from Plaintiff, but that Plaintiff's

11  application did not constitute acceptable borrower authorization

12  sufficient to release loan information. (<u>Id.</u>)

13      Under RESPA, mortgage loan servicers must respond to QWRs

14  from a borrower or an agent of the borrower. 12 U.S.C. §

15  2605(e)(1)(A). Here, however, the Letter was sent solely on

16  behalf of the late Mr. Del Rio. Because the FAC fails to allege

17  that Defendant received a valid QWR, Plaintiff's RESPA claim is

18  dismissed.

19      E.  Accounting

20      Generally, an accounting is a remedy rather than a cause of

21  action. <u>Arango v. Recontrust Co., N.A.</u>, No. 09 CV 01754 MMA, 2010

22  WL 2404652 at *6 (S.D. Cal. Jun. 14, 2010). "In rare cases, an

23  accounting can be a cause of action when a defendant has a

24  fiduciary duty to a plaintiff which requires an accounting . . .

25  and that some balance is due to the plaintiff that can only be

26  ascertained by an accounting." <u>Pantoja v. Countrywide Home Loans,</u>

27  <u>Inc.</u>, 640 F.Supp.2d 1177, 1191 (N.D. Cal. 2009). In most cases,

28  however, a lending institution does not owe a fiduciary duty to a

borrower.  <u>Brown v. Bank of Am., N.A.</u>, No. CIV S-10-1758 LKK DAD, 2011 WL 1253844 at *7 (E.D. Cal. Mar. 31, 2011).  Absent any allegations of special circumstances creating a fiduciary duty, Plaintiff's claim for an accounting is dismissed.

    F.   Breach of Contract

    The FAC alleges that Bank of America breached the Deed of Trust by failing to apply Plaintiff's loan payments in the order of priority set out in the Deed.  (FAC ¶ 159.)  This allegation is no more than a bare recitation of an element of a breach of contract claim.  The FAC does not identify which payments were misallocated, when the misallocation occurred, or how Defendant's allocation of payments was improper.  Plaintiff's breach of contract claim is therefore dismissed, with leave to amend.  <u>See Derusseau v. Bank of America, N.A.</u>, No. 11 CV 1766 MMA, 2011 WL 5975821 at *7 (S.D. Cal. Nov. 29, 2011).

    G.   Breach of Implied Covenant of Good Faith and Fair Dealing

    The FAC alleges that Bank of America's improper allocation of her loan payments made it impossible for her to carry out her obligations under the contract.  (FAC ¶ 164.)  This allegation contradicts her allegation, made in the context of her breach of contract claim, that she substantially performed all conditions in the Deed.  (FAC ¶ 158.)  Accordingly, this claim is dismissed, with leave to amend.  <u>See Armeni</u>, 2012 WL at *5.

    H.   California Civil Code Sections 2923.5 and 2924

    Plaintiff further contends that Defendant is not entitled to utilize California's non-judicial foreclosure scheme, California Civil Code Section 2924 <u>et seq.</u>, because Defendant failed to

1    comply with the notice requirements of California Civil Code

2    section 2923.5.  (FAC ¶¶ 176-177.)

3         A foreclosure sale cannot proceed without a valid Notice of

4    Default.  Mabry v. Superior Court, 185 Cal.App.4th 208, 223

5    (2010).  California Civil Code section 2923.5 requires a lender or

6    its agent to contact, or attempt to contact, a defaulting borrower

7    prior to recording a notice of default.  Cal. Civil Code §

8    2923.5(a)(1).  Under Section 2923.5(a)(2), a "mortgagee,

9    beneficiary or authorized agent shall contact the borrower in

10   person or by telephone in order to assess the borrower's financial

11   situation and explore options for the borrower to avoid

12   foreclosure."   Cal. Civil Code § 2923.5(a)(2).  However, a

13   mortgage servicer need not necessarily make actual contact with a

14   borrower, provided that the servicer exercises due diligence in

15   its attempt to contact the borrower.  Cal. Civil Code § 2923.5(e).

16        Here, the FAC only alleges that Defendant failed to contact

17   Plaintiff.  Failure to contact a borrower is insufficient to

18   establish a violation of Section 2923.5.  Accordingly, Plaintiff's

19   Tenth Cause of Action is dismissed, with leave to amend.

20        I.   Remaining Claims

21        Plaintiff's First Cause of Action for Declaratory Relief is

22   duplicative of and commensurate with relief Plaintiff seeks

23   through her other causes of action, and is therefore dismissed.

24   See Permpoon v. Wells Fargo Bank Nat'l Ass'n, No. 09-CV-01140-H,

25   2009 WL 3214321 at *5 (S.D. Cal. Sept. 29, 2009).  Having

26   dismissed all other claims, the court also dismisses Plaintiff's

27   Sixth Cause of Action for unfair business practices in violation

28

1  of California Business and Professions Code Section 17200, without

2  prejudice.

3  **IV.  Conclusion**

4       For the reasons stated above, Defendant's Motion to Dismiss

5  is GRANTED.  Plaintiff's Sixth, Eighth, Ninth, and Tenth Causes of

6  Action (unfair business practices, breach of contract, breach of

7  implied covenant, and Section 2923.5/2924) are dismissed, with

8  leave to amend.  All other causes of action are dismissed with

9  prejudice.  Any amended complaint shall be manually filed within

10  twenty days of the date of this order.

11

12  IT IS SO ORDERED.

13

14

15  Dated:   February 14, 2013

16                                         DEAN D. PREGERSON
                                           United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28